STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
                                                                                    SUPERIOR COURT DIVISION
COUNTY OF GUILFORD          2023 AUG 10  P 2: 54   File No. 23 CVS 7123

FILED
GUILFORD CO. C S C
BY

| ROY COOK, | |
|---|---|
| *Plaintiff*, | |
| v. | COMPLAINT |
| FARMERS MUTUAL HAIL INSURANCE COMPANY OF IOWA, | |
| *Defendant*. | |

NOW COMES, Plaintiff Roy Cook, by and through the undersigned counsel, complaining of Defendant Farmers Mutual Hail Insurance Company of Iowa, alleging as follows:

## PARTIES

1.  Roy Cook ("Plaintiff") is a citizen and resident of Guilford County, North Carolina.

2.  Upon information and belief, Farmers Mutual Hail Insurance Company of Iowa ("FMH") is an Iowa Corporation with its principal place of business in West Des Moines, Iowa.

## JURISDICTION AND VENUE

3.  North Carolina courts maintain a significant interest in regulating Defendant FMH's conduct occurring in North Carolina.

4.  This Court possess jurisdiction for this action pursuant to N.C. Gen. Stat. § 1-75.4.

5.  This Court is the proper venue for this action pursuant to N.C. Gen. Stat. § 1-76.

## FACTS

6. The previous allegations are reincorporated herein as if fully set forth.

7. Plaintiff operates a farm in Guilford County, North Carolina where they grow *inter alia* tobacco crops.

8. As is their normal course of business, during crop year 2021, Plaintiff engaged with Town and Country Insurance Company (hereinafter "T&C") as an agent/underwriter of FMH to procure crop insurance for their 2021 Tobacco crop.

9. In or about March 2021, Plaintiff contracted with non-party Old Belt Tobacco Sales, LLC for the sale of their 2021 Tobacco crops ("the Sales Contract").

10. In or about March 2021, Plaintiff contracted with FMH for crop insurance to cover the 2021 Tobacco crop ("the Policy").

11. T&C was provided with copies of the Sale Contract as part of procuring the Policy and forwarded the Sales Contract to Defendant FMH, which was accepted by Defendant FMH.

12. On or about May 20, 2021, Defendant FMH's employee Becca Wall (formally known as Becca Lot) visited High Rock Farms for a spot check to ensure all tobacco farms were compliant with farming practices.

13. In or about June 2021, Plaintiff provided to Defendant crop reports for the 2021 crop year.

14. Upon Defendant's acceptance of the Sales Contract and the crop reports, Plaintiff began planting flue-cured tobacco in June, 2021.

15. Due to natural conditions, the 2021 crop year resulted in a loss for Plaintiff to which the Policy was applicable.

16. On or about August 5, 2021, Plaintiff made a claim for loss to Defendant FMH.

17. On or about August 24, 2021, Plaintiff received a Statement of Account that states Roy Cook owed FMH the premium for $1.80 coverage in the amount of $56,191.00. See attached as exhibit A.

18. On or about August 25, 2021, Plaintiff received a "Summary of Coverage" indicating that their respective tobacco crops were insured at the rate of $1.80 per pound under the Policy. See attached as exhibit B.

19. On or about December 19, 2021, Plaintiff was advised that payment under the Policy had been reduced to $0.90 per pound.

20. On or about January 13, 2022, Plaintiff received a revised "Summary of Coverage" showing the coverage level had been reduced to $0.90 per pound.

21. On or about January 17, 2022, Plaintiff received a revised premium letter which included interest and late fees based on a premium coverage level of $1.80 per pound, not the $0.90 per pound.

22. As a result of the change in coverage level, Plaintiff was subjected to substantial hardship.

23. Plaintiff detrimentally relied upon the Defendant's conduct in planting and cultivating the 2021 tobacco crop.

24. As a result of the Defendant's conduct, Plaintiff has suffered damages in an amount to be determined at trial but in excess of $25,000.00.

## FIRST CAUSE OF ACTION
*Unfair and Deceptive Trade Practice*
*N.C. Gen. Stat. § 75-1.1*

25. The previous allegations are reincorporated herein as if fully set forth.

26. The Defendant's conduct amounts to an unfair and deceptive trade practice in violation of Chapter 75 of the North Carolina General Statutes.

27. The Defendant's conduct is in and affecting commerce.

28. As a direct, actual and proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined at trial but in excess of $25,000.00.

29. Plaintiff is entitled to recover actual damages from Defendant pursuant to N.C. Gen. Stat. § 75-16, plus treble damages pursuant to N.C. Gen. Stat. § 75-16, and attorneys' fees and costs pursuant to N.C. Gen. Stat. § 75-16.1.

## SECOND CAUSE OF ACTION
### *Negligent Misrepresentation*

30. The previous allegations are reincorporated herein as if fully set forth.

31. As set forth above, Defendant had a duty to exercise reasonable care or competence in obtaining or communicating information to Plaintiff concerning the Policy.

32. In the regular course of business, Defendant supplied information to Plaintiff and/or Plaintiff's agent and intended for Plaintiff to rely on that information for its farming operations during the 2021 crop year, including the guidance or benefit of obtaining crop insurance.

33. Defendant made material misrepresentations or failed to exercise reasonable care when they made material misrepresentations.

34. Defendant failed to exercise reasonable care or competence in obtaining or communicating the acceptance of the OBTS Agreement.

35. Plaintiff actually relied on the Defendant's conduct and Plaintiff's reliance was reasonable and justifiable.

36. Plaintiff did not know that the OBTS contract would be rejected and he would only be insured for the non-contract price.

37. As a sole and proximate cause of Defendant negligent misrepresentations, the Plaintiff has suffered damages in an amount to be determined at trial but in excess of $25,000.00.

WHEREFORE, the Plaintiff prays unto the Court as follows:

1. That the Plaintiff have and recover judgment against defendant, in an amount to be proven at trial, but in excess of $25,000;
2. That the costs of this proceeding be taxed against Defendant;
3. That Plaintiff have and recover of Defendant his attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1;
4. For a Trial by Jury; and
5. For such other relief as is deemed just and proper.

Respectfully submitted this, the 7th day of August, 2023.

_____
Luther D. Starling, Jr. (NCSBN: 17603)
Edmond D. Haney (NCSBN: 55887)
Daughtry, Woodard, Lawrence & Starling
405 E. Market St.
Smithfield, North Carolina 27577
Telephone: (919) 300 - 6982
Email: Lewstarling@dwlslaw.com
Email: Edmondhaney@dwlslaw.com
*Attorneys for Plaintiff*